UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENA NAMER, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          -against-<br><br>RETRIEVAL-MASTERS CREDITOR'S BUREAU, INC., a/k/a AMERICAN MEDICAL COLLECTION AGENCY,<br><br>                    Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff RENA NAMER (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant RETRIEVAL-MASTERS CREDITOR'S BUREAU, INC., a/k/a AMERICAN MEDICAL COLLECTION AGENCY, (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed

1

by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a corporation engaged in the business of debt collection with an address at 4 Westchester Plaza, Suite 110, Elmsford, New York 10523.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 11, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Laboratory Corporation of America; and (b)

the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding her validation rights.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

    be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT PARTICULAR TO RENA NAMER

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to November 11, 2015, an obligation was allegedly incurred by Plaintiff to Laboratory Corporation of America ("LCA").

14. The LCA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged LCA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. LCA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

17. Defendant contends that the alleged LCA debt is past due.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. LCA, directly or through an intermediary, contracted Defendant to collect on the LCA debt.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. In its effort to collect on the LCA obligation, Defendant mailed letters and/or placed a series of phone calls to Plaintiff requesting payment of the alleged debt owed.

22. Plaintiff was contemporaneously notified by Defendant of the option to make payment online via credit card.

23. After logging into Plaintiff's account, using the login information provided by Defendant, Plaintiff proceeded to navigate the Defendant's website in order to input her credit card information so that the alleged debt could be paid.

24. While attempting to pay the subject alleged debt, Plaintiff was confronted with Defendant's Pay by Credit Card Screen, which advised Plaintiff that the balance owed was $37.00.

25. Defendant's Pay by Credit Card Screen further included a charge for $4.95, which it specified as a 'Convenience Fee'. (*See* Exhibit A, page 3).

26. Defendant's Pay by Credit Card Screen further stated that "Today's Total Due $41.95."

27. The notification and collection of the $4.95 convenience fee is unlawful. See e.g. *Shami v. National Enter. Sys*., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

28. Defendant's Convenience Fees demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to

6

receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

29. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

30. Defendant collected, or attempted to collect, an unauthorized convenience fee from consumers wishing to pay their alleged debt by credit card on Defendant's website, as illustrated on the screenshots annexed hereto as **Exhibit A,** to at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

## First Count
## 15 U.S.C. §1692f *et seq.*
## The Charging of Unlawful Fees

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

33. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

34. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge Plaintiff an amount in excess of what was actually owed in the guise of Convenience Fees on Defendant's website.

35. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a convenience fee on its website in violation of the FDCPA.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Second Count
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

40. The written notice must contain the amount of the debt.

41. The written notice must contain the name of the creditor to whom the debt is owed.

42. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

43. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

44. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

46. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

47. Defendant's letter contains the language required by 15 U.S.C. § 1692g.

48. Defendant's letter contains the language required by 15 U.S.C. § 1692g, but on the back of the letter in light gray ink.

49. The use of the light gray ink makes the 15 U.S.C. § 1692g language more difficult to read.

50. The use of the light gray ink encourages the least sophisticated consumer to believe that the language is unimportant.

51. The use of the light gray ink discourages the least sophisticated consumer from reading it.

52. Defendant has failed to adequately set forth the language required by 15 U.S.C. § 1692g.

53. Defendant has failed to clearly set forth the language required by 15 U.S.C. § 1692g.

54. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

55. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

56. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as

      Class Counsel;

 (b)  Awarding Plaintiff and the Class statutory damages;

 (c)  Awarding Plaintiff and the Class actual damages;

 (d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

 (e)  Awarding pre-judgment interest and post-judgment interest; and

 (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 19, 2016

            Respectfully submitted,

            By: /s/ Alan J. Sasson_____
            Alan J. Sasson, Esq. (AS8452)
            Law Office of Alan J. Sasson, P.C.
            2687 Coney Island Avenue, 2nd Floor
            Brooklyn, New York 11235
            Phone: (718) 339-0856
            Facsimile: (347) 244-7178
            *Attorney for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

               */s/ Alan J. Sasson*
               Alan J. Sasson, Esq.

Dated: April 19, 2016